UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re Application of<br><br>*Abdulazziz Abdullah Al-Amodi*<br><br>for an Order Pursuant to 28 U.S.C. § 1782 to Conduct Discovery for Use in Foreign Proceedings | Case No. 25 Misc._____ |

# MEMORANDUM OF LAW IN SUPPORT OF *EX PARTE* APPLICATION FOR JUDICIAL ASSISTANCE PURSUANT TO 28 U.S.C. 1782

KELLNER HERLIHY GETTY & FRIEDMAN LLP
*Attorneys for Applicant*
470 Park Avenue South–7th Floor
New York, NY 10016-6819
Telephone: 212-889-2121
Email: tv@khgflaw.com

# TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ...................................................................................ii-iii

PRELIMINARY STATEMENT ..................................................................................1

ARGUMENT.................................................................................................................2

I.      Standard For Granting Relief....................................................................2

II.     Applicant Meets Section 1782's Statutory Requirements .........................4

        A. The Respondents Are Found In This District ................................4

        B. The Discovery Sought Is For Use In Proceedings Before A
           Foreign Tribunal ..............................................................................6

        C. Applicant Is An "Interested Person"................................................8

III.    Applicant Meets The Intel Discretionary Factors ......................................9

CONCLUSION............................................................................................................11

# TABLE OF AUTHORITIES

**Cases**

Page

*Brandi-Dohrn v. IKB Deutsche Industriebank AG*, 673 F.3d 76 (2d Cir. 2012) ............................................................................................................. 3,4,9

*Daimler AG v. Bauman*, 571 U.S. 117, 127 (2014) ...................................... 4

*Ex parte Abdalla,* No. 20 Misc. 727 (PKC), 2021 WL 168469 (S.D.N.Y. Jan. 19, 2021) ........................................................................................... 7

*Ford Motor Co. v. Montana Eighth Jud. Dist. Ct.*, 592 U.S. 351, 352, 141 S. Ct. 1017, 1019, 209 L. Ed. 2d 225 (2021) .............................................. 4

*In re del Valle Ruiz*, 939 F.3d 520, 524 (2d Cir. 2019) ..................... 2,3,4,9

*In re Hornbeam Corp.,* 722 F. App'x 7 ........................................................ 7

*In re Kipperband,* 24-2627, 2025 WL 1418706 (2d. Cir. May 16, 2025) .................. 6

*In re Mangouras,* 2017 WL 4990655 (S.D.N.Y. 2017) ............................... 7

*In Re O'Keeffe*, 650 Fed. App'x 83, 85 (2d Cir. 2016) ................................. 9

*In re Zouzar Bouka; Vision Indian Ocean S.A.*, 637 F Supp 3d 74 (S.D.N.Y. 2022) ....................................................................................... 6,7

*Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241 (2004) ............. 2,3,6,8,9

*Iraq Telecom Ltd.*, No. 18MC458LGSOTW, 2019 WL 3798059, at *4 (S.D.N.Y. Aug. 13, 2019) .......................................................................... 9

*Kiobel by Samkalden v. Cravath, Swaine & Moore LLP*, 895 F.3d 244 (2d Cir. 2018) ............................................................................................ 3

*Matter of Degens*, 20MC237JGKRWL, 2020 WL 4252725 (S.D.N.Y. July 24, 2020) ................................................................................................... 5

*Mees v. Buiter,* 793 F.3d 291 (2d Cir. 2015) ............................................. 3,9

*Michael Giannasca v. PepsiCo, Inc. et al,* Case No. 25-cv-06440 .............. 5

*PepsiCo, Inc. v. Flair Beverages Corp.* 11-cv-02834-DLC ......................... 6

*Symeou v. Hornbeam Corp. (In re Hornbeam Corp.)*, 722 F. App'x 7 (2d Cir. 2018) ................................................................................................... 3

**Statutes**

28 U.S.C. §1782................................................................................................................1

28 U.S.C. §1782(a) ..........................................................................................................2

Abdulazziz Abdullah Al-Amodi ("Applicant"), by and through his undersigned counsel, respectfully submits this memorandum of law in support of his application for an order pursuant to 28 U.S.C. §1782 authorizing him to seek discovery from J.P. Morgan Securities LLC and PepsiCo, Inc. (collectively, the "Respondents"). The Court should grant the Application for all the reasons that follow.

**PRELIMINARY STATEMENT**

Applicant submits this Application under 28 U.S.C. §1782, seeking an order authorizing discovery from two entities found in this District, for use in a contemplated proceeding in India.

The facts relevant to this Application are set forth herein and in more detail in the accompanying Declaration of Anouar Bouabdallaoui (the "Bouabdallaoui Declaration").

Gamilah Mohammad Saleh and Mohammad Abdulla Ahmad Abdulla Al-Ammari ("the Heirs") have been adjudicated by the Court of First Instance of Zara (Republic of Yemen) as the sole heirs of the late Mr. Abdulla Ahmed Abdulla Al-Ammari ("Al-Ammari"). The Heirs granted a power of attorney to Mr. Al-Amodi (the "Applicant") whereby the latter has"…full and unrestricted authority and power of attorney to take any actions on [their] behalf in relation to [their] bank accounts, and financial affairs… and taking any legal actions that he deems valid or necessary to protect [their] interests…." (Exhibit 3 to Bouabdallaoui Declaration)

Applicant seeks relevant and probative documentary evidence from the Respondents to identify the assets of Mr. Al-Ammari — whether owned directly or indirectly by anyone who acted on his behalf, particularly Millenium Finance Limited, or held for his benefit, or in which he is the ultimate beneficial owner, including wire transfers, account-opening documentation, and agreements. The evidence will be used in proceedings in India to compel Millennium Finance Limited ("Millennium") to disclose the information Millennium has regarding Mr. Al-Ammari.

1

Ultimately, the discovery sought is crucial for Applicant to obtain a complete picture of Mr. Al-Ammari's estate and determining its location and value for a fair distribution to the Heirs.

The discovery sought in this proceeding directly relates to the Respondents' business in this District – namely, investment services and bonds documentation – revealing the complete picture of the assets owned directly or indirectly by Mr. Al-Ammari.

Because the Respondents keep records of the relevant shares, securities, and bonds in the usual course of business, they should thus be able to easily search and produce these records.

## ARGUMENT

The Court should grant this *ex parte* Application because the Applicant satisfies all of the statutory prerequisites for a 28 U.S.C. §1782 action, and the discretionary factors all favor granting this Application.

### I.  STANDARD FOR GRANTING RELIEF

Section 1782 provides for "assistance in obtaining documentary and other tangible evidence as well as testimony." *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 248 (2004). The statute provides that "[t]he district court of the district in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal." *In re del Valle Ruiz*, 939 F.3d 520, 524 (2d Cir. 2019), quoting 28 U.S.C. § 1782(a).

Courts have distilled §1782's language into a two-part test consisting of a mandatory component and a discretionary component for granting relief. *First*,

> A district court is authorized to grant a § 1782 request where: (1) the person from whom discovery is sought resides (or is found) in the district of the district court to which the application is made, (2) the discovery is for use in a proceeding before a foreign or international tribunal, and (3) the application is made by a foreign or international tribunal or any interested person.

2

*Symeou v. Hornbeam Corp. (In re Hornbeam Corp.)*, 722 F. App'x 7 (2d Cir. 2018); see also *Mees v. Buiter,* 793 F.3d 291 (2d Cir. 2015), citing *Brandi-Dohrn v. IKB Deutsche Industriebank AG*, 673 F.3d 76 (2d Cir. 2012).

*Second*, "[t]o guide district courts in the decision to grant a Section 1782 petition, the Supreme Court in *Intel* discussed non-exclusive factors (the '*Intel* factors') to be considered in light of the 'twin aims' of section 1782..." *In re del Valle Ruiz*, 939 F.3d at 533, citing *Kiobel by Samkalden v. Cravath, Swaine & Moore LLP*, 895 F.3d 244 (2d Cir. 2018). Those factors are (1) whether "the person from whom discovery is sought is a participant in the foreign proceeding," in which event "the need for § 1782(a) aid generally is not as apparent as it ordinarily is when evidence is sought from a nonparticipant in the matter arising abroad"; (2) "the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court assistance"; (3) "whether the § 1782(a) request conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States"; and (4) whether the request is "unduly intrusive or burdensome." *Id*., citing *Intel*, 542 U.S. at 264-65.[1]

---

[1] The Court's discretionary analysis should be guided by the twin congressional policy aims of § 1782. *Brandi-Dohrn,* 673 F.3d at 81 ("District courts must exercise their discretion under § 1782 in light of the twin aims of the statute: providing efficient means of assistance to participants in international litigation in our federal courts and encouraging foreign countries by example to provide similar means of assistance to our courts.") (internal citations omitted); *Gushlak*, 486 Fed.Appx. at 218 (same); see also *Intel*, 542 U.S. at 252 (rejecting additional requirements to granting relief as they "would disserve § 1782's twin aims.")

3

## II. APPLICANT MEETS SECTION 1782'S STATUTORY REQUIREMENTS

### A. <u>The Respondents are found in this District</u>

<u>Legal standard</u>

The Second Circuit has reasoned that "§ 1782(a) supports a flexible reading of the phrase 'resides or is found,'" which includes "the district court's 'prudent exercise of discretion'" *In re del Valle Ruiz*, 939 F.3d at 527 (citing *Edelman v. Taittinger (In re Edelman)*, 295 F.3d 171 (2d Cir. 2002)).

The Second Circuit has "repeatedly recognized Congress's intent that § 1782 be 'interpreted broadly' […]" (*Id.*, citing *Brandi-Dohrn*, 673 F.3d 76) and held that the "statutory scope of 'found' extends to the limits of personal jurisdiction consistent with due process." *In re del Valle Ruiz*, *supra*. The due process requirement is met when the court can establish general jurisdiction "when a defendant is essentially at home in the State", or specific jurisdiction when the defendant takes "some act by which it]purposefully avails itself of the privilege of conducting activities within the forum State." *Ford Motor Co. v. Montana Eighth Jud. Dist. Ct.*, 592 U.S. 351, 352, 141 S. Ct. 1017, 1019, 209 L. Ed. 2d 225 (2021) (internal citation omitted).

In the context of § 1782 discovery, the Second Circuit has held that "where the discovery material sought proximately resulted from the respondent's forum contacts, that would be sufficient to establish specific jurisdiction for ordering discovery." *In re del Valle Ruiz*, 939 F.3d at 530.

<u>The Court has General Jurisdiction over the Respondents.</u>

This Court has general jurisdiction over the Respondents. General jurisdiction over corporations is consistent with due process "when their affiliations with the State are so 'continuous and systematic' as to render them essentially at home in the forum State." *Daimler AG v. Bauman*, 571 U.S. 117, 127 (2014). The "paradigm" forums in which a corporate defendant

4

is "at home" are the corporation's place of incorporation and its principal place of business. *Id.* at 118. The exercise of general jurisdiction is not limited to those forums, and in an "exceptional case," a corporation's operations in another forum "may be so substantial and of such a nature as to render the corporation at home in that State." 571 U.S. at 139 n.19.

All Respondents have their principal place of business within the Southern District of New York. J.P. Morgan Securities LLC ("J.P. Morgan Securities") is located at 383 Madison Ave., New York, NY 10179. In its registration report with the SEC, dated July 29, 2025, it lists its principal place of business and principal office as 383 Madison Ave., New York, NY 10179 (Exh. 1 to Vandenabeele Decl.) In fact, in connection with a 28 U.S.C. 1782 application requesting discovery from several business entities believed to have held or moved assets that should have been part of the marital assets in Brazil, this Court has held that J.P. Morgan Securities is located in this District. *Matter of Degens*, 20MC237JGKRWL, 2020 WL 4252725 (S.D.N.Y. July 24, 2020).

PepsiCo Inc. ("PespiCo") is one of the largest companies in the world, with its principal place of business located at 700 Anderson Hill Road, Purchase, New York 10577, as indicated by the New York Department of State (*Id.* Exh. 2). The company's website also states that it moved to Purchase, Westchester County, in 1970 (*Id.* Exh. 3). In addition, in a lawsuit filed by the New York Attorney General, the New York Attorney General indicated 700 Anderson Hill Road, Purchase, New York 10577 as PepsiCo's address. (*Id.* Exh. 4). Finally, this Court can take judicial notice of the case *Michael Giannasca v. PepsiCo, Inc. et al,* Case No. 25-cv-06440 filed this month with the United States District Court for the Southern District of New York. The Complaint alleges that "Defendant PepsiCo, Inc. is a North Carolina corporation with its principal place of business at 700 Anderson Hill Road, Purchase, New York, 10577." (DE#1 at ¶4, Case No. 25-cv-06440).

In fact, PepsiCo, Inc. has admitted that its principal place of business is at 700 Anderson Hill Road, Purchase, New York, 10577. See PepsiCo, Inc's complaint in *PepsiCo, Inc. v. Flair Beverages Corp.* 11-cv-02834-DLC, DE#1 at 1[2].

Therefore, this Court has unquestionably general jurisdiction over both Respondents.

B. **The Discovery sought is for use in proceedings before a foreign tribunal.**

Section 1782 expressly provides that the courts must go on to consider whether "there is actually a foreign proceeding, and, if so, "whether [that] foreign proceeding is adjudicative in nature." If there is an actual or anticipated foreign proceedings, this Court must also consider whether the discovery sought by Petitioner may "be employed with some advantage or serve some use in that proceeding." It is sufficient that the records are "minimally relevant: to the subject-matter of the foreign litigation. *In re Kipperband,* 24-2627, 2025 WL 1418706 at *1 (2d. Cir. May 16, 2025).

A Section 1782 application can be made as long as the foreign proceeding is "within reasonable contemplation" at the time the 1782 application is filed, but need not be pending or imminent. *Intel*, 542 U.S. 241, 248. The "applicant must have more than a subjective intent to undertake some legal action, and instead must provide some objective indicium that the action is being contemplated." *In re Zouzar Bouka; Vision Indian Ocean S.A.*, 637 F Supp 3d 74 (S.D.N.Y. 2022), *mod on reconsideration sub nom. In re Bouka*, 654 F Supp 3d 283 (S.D.N.Y. 2023). Such an application, then, demands "some concrete basis from which [the court] can determine that the contemplated proceeding is more than just a twinkle in counsel's eye." *Id*. Seeking information to plead or prove a claim that has already been identified and articulated with particularity is to be

---

[2] This Court could also take judicial notice of the Answer PepsiCo Inc. publicly filed in the United States District Court Middle District of Louisiana in the case of *Demone Carline v. PepsiCo, Inc. et al,* 23-cv-00251-LGS, where Pepsi recently conceded that it is "…*a foreign corporation with its principal business office in the state of New York…*"

6

authorized under Section 1782. *In re Mangouras,* 2017 WL 4990655 (S.D.N.Y. 2017); see also *In re Hornbeam Corp.*, 722 F. App'x 7 (A foreign proceeding was reasonably contemplated where the applicant represented in a sworn declaration that it intended to initiate litigation and articulated a theory on which it intended to litigate).

Thus, "[w]here materials are sought for use in a future proceeding .... [a]n applicant should 'provide the legal theory supporting such a proceeding'[;] 'lay out either the content of his claims' or 'a sufficiently concrete basis for' liability[;] and 'provide sufficiently reliable indications of the likelihood that proceedings will be instituted within a reasonable time.' " *Ex parte Abdalla,* No. 20 Misc. 727 (PKC), 2021 WL 168469, at *3 (S.D.N.Y. Jan. 19, 2021) (citing <u>Mangouras v. Squire Patton Boggs</u>, 980 F.3d 88, 101 (2d Cir. 2020)). In *Kuwait Ports Authority*, the court found that where an applicant "has retained [local] counsel, said counsel has begun preparing the necessary pleadings for the petition[,] the Application has set forth a theory [of liability,] ... and the [applicant] has provided declarations expressing an intent to initiate the ... proceedings, the ['use of'] factor is satisfied." 1:20-MC-00046-ALC, 2021 WL 5909999 at *8 (S.D.N.Y. Dec. 13, 2021); *In re Zouzar Bouka*, 637 F Supp 3d at 85 (S.D.N.Y. 2022), *mod on reconsideration sub nom. In re Bouka*, 654 F Supp 3d 283 (S.D.N.Y. 2023).

As explained in the accompanying Declarations of Anouar Bouabdallaoui and of Indian counsel Shreyas Jayasimha, Applicant seeks the requested discovery for use in a contemplated proceeding in India to compel Millennium to disclose information regarding Mr. Al-Ammari's ownership interests in certain bond holdings. Millennium's prior response (See Bouabdallaoui Declaration at ¶28) suggests bad faith. J.P. Morgan Securities, located in this District, served as co-lead manager for the Barclays Bank PLC bond issue (ISIN ▮▮▮▮▮5353) and as bookrunner for the PepsiCo bond issue (ISIN CUSIP ▮▮▮▮▮8BQ0) at issue, and is therefore in possession of

7

relevant records. The requested materials—including records identifying Millennium's role and any confirmation that Mr. Al-Ammari was the ultimate beneficial owner—will be submitted in the Indian proceeding to establish his beneficial interest and compel disclosure from Millennium.

As explained in his Declaration, Indian counsel Shreyas Jayasimha has been retained to initiate legal proceedings in India against Millennium under the Specific Relief Act 1963, the Code of Civil Procedure 1908, and the Securities and Exchange Board of India (Portfolio Managers) Regulations, 2020 to compel Millennium to disclose the information Millennium has regarding Mr. Al-Ammari (Jayasimha Decl. ¶4).

Specifically, Mr. Jayasimha concludes that the documents obtained in the proceedings before the United States District Court for the Southern District of New York under 28 U.S.C. §1782 will shed the necessary light to obtain an order compelling Millennium to produce documents in a proceeding Applicant will initiate in India. (Jayasimha Decl. ¶¶11-16).

### C. Applicant is an "Interested Person"

A person who has "participation rights" and "possesses a reasonable interest in obtaining judicial assistance …. qualifies as an interested person within any fair construction of that term." *Intel*, 542 U.S.

Here, Applicant, as the plaintiff in the contemplated proceeding is unquestionably an interested person.

Therefore, Applicant meets the third statutory requirement under 28 U.S.C. §1782(a).

### III.     APPLICANT MEETS THE *INTEL* DISCRETIONARY FACTORS.

As noted, once the District Court has determined that the mandatory requirements for relief under Section 1782 are met, the Court is free to grant discovery at its discretion. *In re del Valle Ruiz*, 939 F.3rd at 527.

Additionally, that discretion must be guided by the twin policy aims of Section 1782: providing efficient means of assistance to participants in international litigation in our federal courts and encouraging foreign countries by example to provide similar means of assistance to our courts. *Brandi Dohrn*, 673 F. 3d at 81. Here, these discretionary factors weigh in favor of granting the requested relief.

*First*, there is no expectation that any of the Respondents will be a party to the Foreign Proceedings in India, and the Indian courts will not have jurisdiction over them to order the Respondents to produce the requested evidence. (Jayasimha Declaration at ¶17). As such, this Application constitutes the only practical and timely method for obtaining the needed evidence for use here. Thus, since the Respondents will likely not be parties to the Foreign Proceedings, the need for the evidence sought herein through the instant Application is more apparent, and this factor weighs in favor of granting recognition. *Intel*, 542 U.S. at 264.

*Second*, Indian Courts will likely be receptive to this Court's assistance (Jayasimha Declaration at ¶18.) This factor weighs in favor of granting the discovery absent "authoritative proof" that the foreign courts would reject evidence obtained with the aid of Section 1782. *In Re O'Keeffe*, 650 Fed. App'x 83, 85 (2d Cir. 2016) (noting the absence of evidence that the foreign court would be unreceptive to U.S. judicial assistance); *see also Iraq Telecom Ltd.*, No. 18MC458LGSOTW, 2019 WL 3798059, at *4 (S.D.N.Y. Aug. 13, 2019) (requiring authoritative proof that a foreign tribunal would 'reject' discovery). Here, Applicant has no reason to believe that the Indian court will not be receptive to accepting evidence through Section 1782 discovery. The evidence gathered from the Respondents through this Application will aid the Indian Court in compelling the production of documents from Millennium. Thus, the second factor heavily weighs in favor of discovery.

9

*Third*, the evidence sought through the instant Application would likely be admissible in the Indian Proceeding and does not circumvent any existing or anticipated evidence-gathering restrictions imposed in India. (Jayasimha Declaration at ¶19). Even if the documents were not used as evidence in that proceeding, the Second Circuit has held that Section 1782(a) contains no requirements that particular evidence be admissible in a foreign proceeding to be considered "for use in a proceeding in a foreign or international tribunal. *Brandi-Dohrn*, 673 F.3d at 77. To the contrary, courts in this District have ruled that discovery should not be denied under Section 1782 "solely because such discovery is unavailable in the foreign court." *Mees*, 793 F.3d at 303.

*Fourth*, this Application is not unduly intrusive or burdensome because it is of limited scope. The proposed requests to the Respondents, demonstrated in the subpoenas attached as <u>Exhibits A and B</u> to the Application, seek records related to the ownership of bonds and investment documentation. As explained in the accompanying Declaration of Mr. Bouabdallaoui, the Respondents typically maintain bond documentation for a period of 10 years after the maturity of the bond. Since the Barclays Bonds' maturity date was 2017, the oldest PepsiCo bond's maturity date was 2015, and the other three notes' maturity days are set for 2020 and 2040, the production will not be burdensome for the Respondents. Further, the discovery is also properly limited to the necessary time period:

- January 18, 2010, to the present date for J.P. Morgan Securities, LLC;
- October 19, 2010, to the present date for PepsiCo, Inc.

See Bouabdallaoui Declaration ¶¶37-39.

Because the proposed subpoena is narrowly tailored and seeks specific records related to a limited number of entities and natural persons, the discovery sought is not unduly burdensome for the Respondents.

10

### IV.   CONCLUSION

For all the foregoing reasons, Applicant respectfully requests that the Court grant the Application, and issue an order in the proposed or substantially similar form as submitted with the Application permitting Applicant to serve the subpoena attached as Exhibits A and B to the Application, and grant such other and further relief as this Court deems just and proper.

Dated: September 2, 2025

Respectfully submitted,

By: _____
Thomas Vandenabeele
Louise Grégoire

KELLNER HERLIHY GETTY & FRIEDMAN LLP
*Attorneys for Applicant*
470 Park Avenue South–7th Floor
New York, NY 10016-6819
Telephone: 212-889-2121
Email: tv@khgflaw.com

11