```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
IN RE APPLICATION OF                          :
                                              :       25-MC-375 (RWL)
ABDULAZZIZ ABDULLAH AL-AMODI                  :
                                              :
FOR AN ORDER PURSUANT TO 28 U.S.C.             :       ORDER
§ 1782 TO CONDUCT DISCOVERY FOR               :
USE IN FOREIGN PROCEEDINGS                    :
                                              :
------------------------------------------------------------X
```

**ROBERT W. LEHRBURGER, United States Magistrate Judge.**

Whereas on September 2, 2025, Abdulazziz Abdullah Al-Amodi ("Applicant") filed an ex parte application ("Application") for an order pursuant to 28 U.S.C. § 1782 to conduct discovery for use in foreign proceedings (Dkt. 1);[1] and

Whereas on September 4, 2025, the matter was referred to me (Dkt. 10); and

Whereas the Court has considered the Application, the supporting declarations of Anouar Bouabdallaoui (Dkt. 2), Shreyas Jayasimha (Dkt. 3), and Thomas Vandenabeele (Dkt. 4), and their exhibits; and

Whereas the Court finds that the threshold requirements for issuance of discovery pursuant to § 1782 are satisfied, see *Federal Republic of Nigeria v. VR Advisory Services, Ltd.*, 27 F.4th 136, 148 (2d Cir. 2022), because (1) the entities from whom discovery is sought, JP Morgan Securities LLC ("JP Morgan") and PepsiCo Inc.

---

[1] With respect to the ex parte nature of the filing, "[i]t is neither uncommon nor improper for district courts to grant applications made pursuant to § 1782 ex parte. The respondent's due process rights are not violated because he can later challenge any discovery request by moving to quash pursuant to Federal Rule of Civil Procedure 45(c)(3)." *Gushlak v. Gushlak*, 486 Fed. App'x 215, 217 (2d Cir. 2012) (citing cases).

1

("PepsiCo") are found (by virtue of their respective principal place of business) in New York within this District; (2) the discovery sought is for use in contemplated judicial proceedings in India to compel production of information from Millennium Finance Limited (the "India Action") regarding the assets of Abdulla Ahmed Abdulla Al-Ammari (Al-Ammari) for the ultimate benefit of his heirs (the "Heirs"); and (3) Applicant, having received power of attorney on behalf of the Heirs to, inter alia, commence the India Action, is an interested person; and

Whereas the Court further finds that the factors set forth in *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 264-65, 124 S.Ct. 2466, 2483 (2004) weigh in favor of permitting the discovery requested pursuant to 28 U.S.C. § 1782, because, inter alia, (1) neither JP Morgan nor PepsiCo would likely be a participant in the India Action; (2) the India Action will be a judicial court proceeding; the discovery sought is relevant to determining Al-Ammari's assets; and the court in the India Action would likely be receptive to considering the evidence obtained; (3) there is no indication that the Application conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of either India or the United States; and (4) the discovery sought does not appear to be unduly intrusive or burdensome and is tailored to disclosure of assets for which Al-Ammari was the ultimate beneficial owner.

It is hereby ORDERED that:

1. The Application for discovery pursuant to 28 U.S.C. § 1782 is GRANTED;

2. Applicant is authorized to serve, in substantially similar form, (a) on JP Morgan, the subpoena attached as Exhibit 1 to the Application, and (b) on PepsiCo, the subpoena attached as Exhibit 2 to the Application. However, before serving the subpoena directed

to JP Morgan, Applicant must modify item "(2)" of the documents requested so as to limit the request to documents connected to assets of Al-Ammari.

4. JP Morgan and PepsiCo are directed to (a) respond to the subpoena served on them pursuant to the Federal Rules of Civil Procedure and the Local Civil Rules of this Court; (b) to preserve all potentially responsive material; and, (c) absent objection, produce the documents in their possession, custody, or control, as requested in the applicable subpoena.

5. JP Morgan and PepsiCo retain their right to move to quash pursuant to Fed. R. Civ. P. 45(c)(3);

6. This Court shall retain such jurisdiction as is necessary to effectuate the terms of the subpoenas. Nothing in this Order should be construed to prevent or otherwise foreclose Applicant from seeking modification of this Order or leave of Court to serve any additional subpoena on a person or entity.

The Clerk of Court is respectfully directed to terminate the motion at Dkt. 1.

SO ORDERED:

_____
ROBERT W. LEHRBURGER
UNITED STATES MAGISTRATE JUDGE

Dated: September 9, 2025
       New York, New York