### KELLNER HERLIHY GETTY & FRIEDMAN, LLP
#### 470 PARK AVENUE SOUTH, 7th FLOOR
#### NEW YORK, NEW YORK 10016

DOUGLAS A KELLNER
CAROL ANNE HERLIHY
EUGENE F GETTY
ALAN M FRIEDMAN
JEANNE-MARIE WILLIAMS
THOMAS VANDENABEELE
CHARLES E KRAUSCHE II
OLGA V PETROVSKY

DERRICK M NG
MICHELLE D BAZINET
JAEMYUNG JAE LEE
MERIELEN DAL RI ZIVIANI°
LOUISE GRÉGOIRE
EDI EBIEFUNG
BRENDAN SULLIVAN
AMAL YENILIEIEVA∝*

TELEPHONE: (212) 889-2121
FACSIMILE: (212) 684-6224
tv@khgflaw.com

COUNSEL
MICHAEL H SINGER
ROBERT P MCGREEVY
HERMAN D FARRELL III
NADA ABDELSATER λ
DMITRIY BOGORODSKIYφ

°Admitted in Brazil
Λ Admitted in Lebanon
φQualified in the Russian Federation
*Admission Pending
∝Qualified in Ukraine

February 5, 2026

For substantially the reasons as set forth herein, permission is granted to serve the proposed subpoena.

SO ORDERED:

2/6/2026

HON. ROBERT W. LEHRBURGER
UNITED STATES MAGISTRATE JUDGE

*Filed electronically on ECF:*
Honorable Robert W. Lehrburger
United States Courthouse
500 Pearl St.
New York, NY 10007-1312

Re: *In Re Application of Abdullazziz Abdullah Al-Amodi*
Index No. 25-mc-00375 (RWL)

Dear Judge Lehrburger:

We represent Applicant Abdullazziz Abdullah Al-Amodi ("Applicant"), in connection with the above-referenced action seeking discovery in aid of a foreign proceeding (the §1782 Proceedings).

Pursuant to the order your Honor issued at the conference held on January 22, 2026 (DE#23), Respondent PepsiCo Inc. ("PepsiCo") informed Applicant that Bank of New York Mellon ("BNY Mellon") is "both the trustee bank and the custodian bank" in connection with the bonds described in the subpoena. Therefore, in accordance with Rule II-D of your Honor's Individual Practices, Applicant respectfully requests that the Court authorize Applicant to serve a subpoena on BNY Mellon to obtain the discovery this Court has already authorized, and which Applicant initially sought from PepsiCo and from JPMorgan Securities LLC ("JPMorgan") (collectively "Respondents").

On September 9, 2025, the Court authorized service of subpoenas on the Respondents to obtain information about two types of bonds identified in the Declaration of Anouar Bouabdalloui as the "Barclays Bonds" and the "PepsiCo Bonds". See DE#2 ¶19, and Order as DE#12. None of the Respondents produced any documents.

As I explained to the Court at the conference held on January 22, 2026, because the custodian bank processes payments from investors to the bond issuer (PepsiCo) upon purchase, and processes payments from the issuer to the bondholders for coupons, redemptions etc., the custodian bank maintains records of transactions, and cash movements associated with the PepsiCo Bonds[1]. In other words, in connection with the PepsiCo Bonds, the custodian bank (BNY Mellon) would necessarily know whether it processes payments to Millennium Finance Limited ("Millennium"), which in this case may have indeed acted, formally or informally, as a portfolio manager or fiduciary agent for Abdulla Ahmed Abdulla Al-Ammari ("Mr. Al-Ammari") or on behalf of him, directly or indirectly as the ultimate beneficiary owner ("UBO").

Meanwhile, recent research has brought to our attention that in connection with the Barclays Bonds, the Barclays Prospectus also identified BNY Mellon as the trustee bank. Therefore, it is reasonable to assume that, as trustee bank in the Barclays Bonds' issuance, BNY Mellon also acts as custodian bank, and that it thus also has access to the discovery sought in the initial subpoena regarding the Barclays Bonds.

The Court should grant this motion to serve a subpoena on BNY Mellon because Applicant satisfies all the statutory prerequisites for 28 U.S.C. § 1782, and the discretionary factors all favor granting this Application.

As this Court is well aware, 28 U.S.C. § 1782 requires that the following three statutory requirements be met: (i) the person from whom discovery is sought resides (or is found) in the district of the district court to which the application is made, (2) the discovery is for use in a proceeding before a foreign or international tribunal, and (3) the application us made by a foreign or international tribunal or any interested person.

*First*, BNY Mellon resides in this District. BNY Mellon is a financial services institution that regularly transacts business in this district and maintains its headquarters at 240 Greenwich Street, New York, NY 10286[2]. This Court has regularly found that BNY Mellon resides in this district in connection with 28 USC 1782 applications. *In re Kipperband,* 24-2627, 2025 WL 1418706 (2d Cir. May 16, 2025)*; In re Marinakis,* 24-MC-485 (JGK) (HJR), 2025 WL 693147 (S.D.N.Y. Mar. 4, 2025)*.

*Second*, because this request to serve one additional subpoena is strictly related to the issues identified in the Application that this Court already granted, Applicant necessarily continues to satisfy each of the other requirements set forth in 28 U.S.C. § 1782. Thus, for the reasons stated *supra*, the discovery sought will be for use in the contemplated Indian proceedings ("India Action"). DE#12. As explained in the Memorandum of Law in support of the Application (DE#5), Applicant seeks the requested discovery for use in the India Action to compel Millennium to disclose

---

[1] It must also be true of the Barclays Bonds because my understanding is that it is precisely the role of the custodian bank in connection with any bond issuance.

[2] https://www.bny.com/corporate/global/en/contact-us.html

information regarding Mr. Al-Ammari's ownership interests in certain bond holdings. BNY Mellon, as the custodian and trustee bank for the bonds, will likely have information on the Barclays and PepsiCo bonds held by Mr. Al-Ammari, directly or indirectly, as a UBO and/or through Millennium and/or any third party. This information and documents will be fundamental to compelling Millennium to disclose documentation related to Mr. Al-Ammari, acting whether directly or indirectly as the UBO.

This Court has already found that Applicant is "an interested person" (DE#12).

Further, the discretionary factors favor granting this application. *First*, BNY Mellon is not expected to be a party to the India Action, and the Indian courts will not have jurisdiction over BNY Mellon. *Second*, as found by this Court's order (DE#12), Indian courts will likely be receptive to this court's assistance, as no evidence suggests they will be unreceptive to the evidence obtained here. *In Re O'Keeffe,* 650 Fed. App'x 83, 85 (2d Cir. 2016); see DE#5 at 9. *Third,* the evidence sought through the instant Application would likely be admissible in the Indian Action and does not circumvent any existing or anticipated evidence-gathering restrictions imposed in India. DE#5 at 10 and DE#12. *Fourth*, this Application is not unduly intrusive or burdensome because it is limited in scope. The proposed subpoena to BNY Mellon seeks records related to the ownership of bonds. See the proposed subpoena attached as Exhibit A. As explained *supra*, as a custodian and trustee bank, BNY Mellon is likely to possess these records or have the practical ability to obtain these records regarding the Barclays and PepsiCo Bonds. Further, the subpoena covers the period from (i) January 18, 2010, to the present for the Barclays bonds, and (ii) from October 19, 2010, to the present for the PepsiCo Bonds, which the Court already considered and found justified and reasonable. DE#12.

Applicant also respectfully requests authorization to take a brief, targeted deposition of a knowledgeable representative of BNY Mellon pursuant to Rule 30(b)(6), limited to the matters identified in the proposed subpoena (Exhibit A). A deposition would permit clarification of how BNY Mellon's records reflect beneficial ownership, how unallocated, dormant, escheat, or unclaimed bond positions are identified within its systems, and how the produced documents should be interpreted, thereby ensuring that the documentary production is accurately understood and complete. The deposition would be strictly confined to the specific bonds, time periods, and issues already approved by the Court, would not expand the scope of discovery, and would promote efficiency by reducing the likelihood of follow-up disputes or motion practice, consistent with § 1782 proportionality principles and the Court's prior orders.

For these reasons, the Court should allow Applicant to serve the subpoena attached as Exhibit A on BNY Mellon.

We thank the Court for its consideration.

Respectfully submitted,

   /s/

Thomas Vandenabeele