UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
IN RE APPLICATION OF                               :
                                                   :
*ABDULAZZIZ ABDULLAH AL-AMODI*        :          25-MC-375 (RWL)
                                                   :
FOR AN ORDER PURSUANT TO 28 U.S.C.   :
§ 1782 TO CONDUCT DISCOVERY FOR     :          **ORDER**
USE IN FOREIGN PROCEEDINGS           :
                                                   :
                                                   :
------------------------------------------------------------X

**ROBERT W. LEHRBURGER, United States Magistrate Judge.**

The Court has reviewed Applicant and PepsiCo's correspondence at Dkts. 26 and 28 with respect to the subpoena served on PepsiCo.

The Court notes that, with respect to bonds, a trustee and custodian are not necessarily the same. It is the Court's understanding that a trustee may be both trustee and custodian, but not vice-versa. The custodian holds the assets; the trustee manages the assets and makes payments but does not hold the assets, unless it also is custodian. Regardless, PepsiCo represents that it complied with the Court's order at Dkt. 23 by "inquir[ing] within" to identify the custodian of the PepsiCo bonds at issue. Applicant has presented information it contends conflicts with that representation.

The Court also notes that the Court and the parties may at times have used the term custodian as shorthand for both the entity that holds the bond assets and the entity that acts as payment agent (i.e., processes payments) for those bonds — which may or may not be one and the same — as originally set forth in Applicant's letter motion to compel at Dkt. 14.

Accordingly, if PepsiCo has not already done so, it shall conduct a reasonable search (not merely "inquire within") to determine the identities of the custodian of and the

payment agent for the bonds. By **May 29, 2026,** PepsiCo shall provide a sworn declaration by a person with knowledge that a reasonable search was conducted to identify both the custodian of, and payment agent for, the bonds, and, shall either identify the custodian and payment agent, even if it is the same information PepsiCo has already supplied based on its initial internal inquiry (i.e., BNY Mellon), or state that the identities of any custodian and paying agent have not been found after the reasonable search.

The Clerk of Court is directed to terminate the letter motion at Dkt. 26.

SO ORDERED.

_____
ROBERT W. LEHRBURGER
UNITED STATES MAGISTRATE JUDGE

Dated: May 8, 2026
     New York, New York

Copies transmitted this date to all counsel of record.