UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------X

IN RE APPLICATION OF

*ABDULAZZIZ ABDULLAH AL-AMODI*

FOR AN ORDER PURSUANT TO 28 U.S.C. § 1782 TO CONDUCT DISCOVERY FOR USE IN FOREIGN PROCEEDINGS

---------------------------------------------------------------X

25-MC-375 (RWL)

**ORDER**

**ROBERT W. LEHRBURGER, United States Magistrate Judge.**

On September 2, 2025, Abdulazziz Abdullah Al-Amodi ("Applicant") filed an ex parte application for an order pursuant to 28 U.S.C. § 1782 to issue subpoenas to PepsiCo Inc. ("PepsiCo") and JP Morgan Securities LLC ("JP Morgan") for use in foreign proceedings.[1] (Dkt. 1.) The subpoenas sought information about custody and ownership of bonds held by or beneficially held by Abdulla Ahmed Abdulla Al-Ammari ("Al-Ammari"). The Court resolved Applicant's letter motions to compel PepsiCo to comply, ultimately requiring PepsiCo to provide a declaration of compliance with the obligation to search for information to identify the custodian or payment bank for certain PepsiCo bonds. (Dkts. 23, 29.) PepsiCo did so, attesting that it had conducted a reasonable search and found no information beyond what it already had provided identifying Bank of New York Mellon ("BNYM") as the entity holding PepsiCo bonds. (Dkt. 30.)

[1] "It is neither uncommon nor improper for district courts to grant applications made pursuant to § 1782 ex parte. The respondent's due process rights are not violated because he can later challenge any discovery request by moving to quash pursuant to Federal Rule of Civil Procedure 45(c)(3)." *Gushlak v. Gushlak*, 486 Fed. App'x 215, 217 (2d Cir. 2012) (citing cases).

On June 30, 2026, Applicant filed a letter application for (i) a deposition of PepsiCo, and (ii) discovery from the Depository Trust Company ("DTC") concerning ownership of certain PepsiCo bonds (the "June 30 Letter"). (Dkt. 31.) The Court has considered the June 30 Letter application, along with all other filings and proceedings of record, and rules as follows:

**Deposition of PepsiCo**

PepsiCo already has conducted searches for requested information and – after Applicant raised concerns about the adequacy of PepsiCo's response, and at the Court's direction – provided a sworn declaration attesting to PepsiCo's search and what was found or not found. (Dkts 29-30.) The Court finds that PepsiCo satisfied the Court's order. Dissatisfied with PepsiCo's having identified no entity beyond BNYM, Applicant nonetheless seeks to depose PepsiCo about the sufficiency of the information provided.

Applicant offers multiple reasons to justify a deposition of PepsiCo. The Court is not persuaded. Applicant contends that he should be allowed to depose PepsiCo because information provided by PepsiCo has been inconsistent. But by Applicant's own explanation as to the justification for taking discovery from DTC, PepsiCo is not likely to have the information sought – i.e., downstream information about beneficial ownership of the PepsiCo bonds. (Dkt. 31 at 2.) Applicant also asserts that PepsiCo should be deposed because it disclaims access to records "obtainable through its own agents and service providers." (*Id*. at 1.) Applicant has not established, however, that PepsiCo has possession, custody, or control over the records sought. *See* Fed. R. Civ. P. 34(a)(1). Nor has Applicant established that any particular entity (beyond BNYM on

whom a separate subpoena was served and answered) is PepsiCo's "agent or service provider."

Applicant also seeks to ask PepsiCo about any relationship between a former PepsiCo executive and Al-Ammari. Applicant purportedly "uncovered [the executive's] passport among Mr. Al-Ammari's records." (*Id*. at 1.) Assuming for present purposes that is true, it is too slender a reed on which to base a deposition of PepsiCo, which essentially would be a fishing expedition from the executive's former employer. The Court denies the request for issuance of a deposition subpoena to PepsiCo.[2]

**<u>Subpoena To DTC</u>**

As with Applicant's initial application, the Court finds that the threshold requirements for issuance of discovery pursuant to § 1782 are satisfied, *see Federal Republic of Nigeria v. VR Advisory Services, Ltd.*, 27 F.4th 136, 148 (2d Cir. 2022), because (1) the entity from whom discovery is sought, DTC, is in New York within this District; (2) the discovery sought is for use in contemplated judicial proceedings in India (the "India Action") to compel production of information from Millennium Finance Limited regarding the assets of Al-Ammari for the ultimate benefit of his heirs (the "Heirs"); and (3) Applicant, having received power of attorney on behalf of the Heirs to, inter alia, commence the India Action, is an interested person.

The Court further finds that the factors set forth in *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 264-65, 124 S.Ct. 2466, 2483 (2004) weigh in favor of

[2] On July 9, 2026, the Court issued an order that "if PepsiCo wishes to respond" to Applicant's June 30 Letter, "it shall do so by July 16, 2026." (Dkt. 32.) PepsiCo did not file a response. Inasmuch as filing a response was optional, the Court does not consider the absence of a response to be concession to the discovery sought.

permitting the discovery requested pursuant to 28 U.S.C. § 1782, because, inter alia, (1) DTC would not likely be a participant in the India Action; (2) the India Action will be a judicial court proceeding; the discovery sought is relevant to determining Al-Ammari's assets; and the court in the India Action would likely be receptive to considering the evidence obtained; (3) there is no indication that the application conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of either India or the United States; and (4) the discovery sought does not appear to be unduly intrusive or burdensome and is tailored to disclosure of assets for which Al-Ammari was the ultimate beneficial owner.

Accordingly, it is hereby ORDERED that:

1. The Application for leave to issue a subpoena to DTC pursuant to 28 U.S.C. § 1782 is GRANTED;

2. Applicant is authorized to serve, in substantially similar form, the subpoena to DTC attached as Exhibit 3 to the June 30 Letter application.

4. DTC is directed to (a) respond to the subpoena served on it pursuant to the Federal Rules of Civil Procedure and the Local Civil Rules of this Court; (b) to preserve all potentially responsive material; and, (c) absent objection, produce the documents in their possession, custody, or control, as requested in the subpoena.

5. DTC retains its right to move to quash pursuant to Fed. R. Civ. P. 45(c)(3);

6. This Court shall retain such jurisdiction as is necessary to effectuate the terms of the subpoena to DTC.

The Clerk of Court is respectfully directed to terminate the letter motion at Dkt. 31.

SO ORDERED:

ROBERT W. LEHRBURGER
UNITED STATES MAGISTRATE JUDGE

Dated: July 17, 2026
New York, New York