UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re Application of<br>*Abdulazziz Abdullah Al-Amodi*<br>for an Order Pursuant to 28 U.S.C. § 1782 to Conduct Discovery for Use in Foreign Proceedings | Civil Action No. 25-mc-00375 (RWL) |

**CONFIDENTIALITY AGREEMENT**

**IT IS HEREBY STIPULATED AND AGREED,** by and between Abdulazziz Abdullah Al-Amodi (the "Receiving Party"), the applicant in the above-captioned action, and The Depository Trust Company ("DTC"), from which documents and information have been requested by subpoena in the above-captioned action (the "Subpoena"), that this Confidentiality Agreement (the "Agreement") shall govern the handling of any of the following reports for CUSIPs 713448BL1; 713448BM9; 713448BN7;713448BP2; 713448BQ0; 713448BS6; 713448BR8: Participant Position Reports, Participant Daily Activity Statements, and Participant proxy contact information ("Confidential Information") that DTC may disclose in response to the Subpoena.

WHEREFORE, the Receiving Party and DTC agree, and the Court orders, as follows:

1. This Agreement applies to Confidential Information, as defined above, disclosed by DTC to the Receiving Party pursuant to the Subpoena.

2. DTC will affix a legend to, or otherwise mark, the Confidential Information "CONFIDENTIAL" to, or will notify counsel for the Receiving Party in writing that specified information is Confidential Information under this Agreement. Inadvertent failure to affix, mark, the Confidential Information or notify counsel of the Receiving Party, at the time of production shall not waive any of the protections under this Agreement.

3. Any electronic image, database, document, extract, summary, compilation, note, memorandum, or analysis that contains or reflects Confidential Information shall be subject to this Agreement to the same extent as the Confidential Information from which it was derived.

4. Confidential Information may be used solely in connection with: (i) the above-captioned proceeding; (ii) the foreign proceedings described in or contemplated by the Application, including any related appellate, enforcement, asset-tracing, preservation, recovery, administration, or

distribution proceedings; and (iii) discovery proceedings, subpoenas, applications, or other lawful processes reasonably undertaken to identify or obtain evidence from any participant, custodian, financial institution, intermediary, account holder, beneficial owner, transferee, or other person or entity identified through the Confidential Information (collectively, the "Proceedings"). Confidential Information shall not be used for any unrelated business, commercial, or personal purpose.

5. Confidential Information may be furnished, shown, or disclosed only to: (i) the Receiving Party and his representatives; (ii) their present and future U.S. and foreign counsel and counsel's attorneys, professionals, and support staff involved in the Proceedings; (iii) experts, consultants, investigators, asset-tracing professionals, translators, transcriptionists, litigation-support providers, and e-discovery vendors retained in connection with the Proceedings; (iv) any U.S. or foreign court, tribunal, governmental authority, insolvency administrator, or other adjudicative body in a Proceeding; (v) fact, trial, or deposition witnesses, and prospective witnesses, to the extent reasonably necessary for a Proceeding; and (vi) any person or entity from whom discovery or evidence is sought in a Proceeding, but only to the extent reasonably necessary to identify, authenticate, trace, explain, or obtain further evidence concerning the securities, positions, transactions, accounts, participants, intermediaries, payments, or beneficial owners reflected in the Confidential Information.

6. Except for courts, tribunals, governmental authorities, and persons legally compelled to receive Confidential Information, each recipient under Paragraph 5 shall be informed of this Agreement and shall agree to be bound by its confidentiality obligations before receiving Confidential Information. Counsel for the Receiving Party shall take reasonable steps to prevent unauthorized disclosure.

7. Confidential Information may be filed, submitted, or otherwise disclosed to a court or tribunal in a Proceeding in accordance with the applicable rules and procedures of that court or tribunal. To the extent reasonably practicable and required by applicable law, rule, or order, the Receiving Party shall redact personal identifying information or seek confidential, sealed, or in camera treatment. Information reasonably necessary to establish the identity, location, ownership, transfer, tracing, preservation, recovery, or enforcement against assets may be submitted in unredacted form under seal, in camera, or pursuant to another protective procedure permitted by the applicable court or tribunal.

8. If the Receiving Party intends to file or disclose Confidential Information in litigation or a proceeding outside the definition of Proceedings, the Receiving Party shall, to the extent legally permitted, provide DTC with at least ten (10) business days' written notice. Such notice shall not

constitute a request for DTC's consent and shall not delay or prohibit any filing, disclosure, or other action required by an applicable court, tribunal, law, rule, or order.

9. If the Receiving Party or another recipient receives a subpoena, order, request, or other demand from a nonparty for Confidential Information, it shall, to the extent legally permitted, promptly provide DTC with written notice. The recipient may comply with any valid legal obligation or order and shall have no obligation to challenge the demand, seek protective relief, or incur expense on DTC's behalf. To the extent reasonably practicable, the recipient shall disclose only the Confidential Information required and shall afford DTC a reasonable opportunity to seek protective relief.

10. The provisions of this Agreement do not set any precedent for any other confidentiality agreement or protective order governing a DTC production in response to a subpoena, including, without limitation, this Subpoena or other subpoena relating to this Action.

11. The inadvertent production by DTC of information subject to a claim of attorney-client privilege, work-product protection, or another applicable privilege or protection ("Privileged Information") shall not constitute a waiver. Upon written notice identifying the Privileged Information and the basis for the claim, the Receiving Party shall promptly return, sequester, or destroy the specified material and shall not use or disclose it until the claim is resolved, consistent with Federal Rule of Civil Procedure 45(e)(2)(B). Nothing in this Paragraph prevents the Receiving Party from presenting the information under seal to the Court for a determination of the claim.

12. Nothing in this Agreement requires DTC or any affiliate, branch, or subsidiary to perform an act prohibited by applicable federal, state, local, or foreign law. Nothing in this Agreement expands or narrows the scope of the Subpoena, resolves any objection, or constitutes a waiver of any party's or DTC's rights, claims, defenses, or objections, including those concerning service, burden, cost, relevance, possession, custody, control, or privilege.

13. The obligations of this Agreement do not apply to information that: (i) was in the public domain when disclosed; (ii) was lawfully known to the Receiving Party or its counsel, consultants, or experts without an obligation of confidentiality; (iii) is independently obtained from a third party not under an obligation of confidentiality; or (iv) becomes public through no violation of this Agreement.

14. Within sixty (60) days after the final termination of all Proceedings, including any appeals, enforcement proceedings, and proceedings to trace, preserve, recover, administer, or distribute assets, the Receiving Party shall destroy or return Confidential Information upon DTC's

written request. Counsel for the Receiving Party may retain one archival copy for legal, regulatory, insurance, recordkeeping, and professional-responsibility purposes, and need not remove Confidential Information from court or tribunal records, routine electronic backups, or disaster-recovery systems. All retained material shall remain subject to this Agreement.

15. The restrictions on disclosure and use contained in this Agreement shall survive the conclusion of the Proceedings. Production under this Agreement shall not prejudice DTC's right to maintain the confidentiality, proprietary status, or trade-secret status of the information for any other purpose.

16. This Agreement may be executed in counterparts, each of which shall be deemed an original and all of which together shall constitute one instrument. Electronic and facsimile signatures shall have the same force and effect as original signatures.

17. Nothing in this Agreement prejudices the right of DTC or the Receiving Party to seek relief from this Court, a court or tribunal in a Proceeding, or any other court of competent jurisdiction regarding this Agreement. This Court shall retain jurisdiction to enforce or modify this Agreement.

Dated: November 2, 2026

By: /s/ ____________________________
Thomas Vandenabeele
KELLNER HERLIHY GETTY &
FRIEDMAN LLP
470 Park Avenue South, 7th Floor
New York, New York 10016-6819
Telephone: (212) 889-2121
Email: tv@khgflaw.com

*Counsel for the Receiving Party*

By: /s/ ____________________________
Aimee T. Bandler
The Depository Trust & Clearing Corporation
570 Washington Boulevard
Jersey City, NJ 07310
abandler@dtcc.com
*Counsel for The Depository Trust Company*

**SO ORDERED**

________________________________
**ROBERT W. LEHRBURGER**
United States Magistrate Judge

Dated: New York, New York
November 12, 2026